IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 1 | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| THE WACKENHUT CORPORATION | ) ) |
| Defendant. | ) |

No. 04-C-2885

HONORABLE DAVID H. COAR

**MEMORANDUM OPINION AND ORDER**

Plaintiff Service Employees International Union, Local 1 ("Plaintiff" or "Union"), filed a complaint in this Court on April 22, 2004. Defendant The Wackenhut Corporation filed its motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) on June 3, 2004. For the reasons stated in this order, Defendant's motion to dismiss is DENIED.

**STANDARD OF REVIEW**

When addressing the issue of subject matter jurisdiction, "[t]he presumption of correctness that [the court] accord[s] to a complaint's allegations falls away on the jurisdictional issue once a defendant proffers evidence that calls the court's jurisdiction into question." *Sapperstein v. Hager*, 188 F.3d 852, 856 (7th Cir. 1999). If "the complaint is formally sufficient but the contention is that there is *in fact* no subject matter jurisdiction, the movant may use affidavits and other material to support that motion." *United Phosphorus, Ltd. v. Angus*

*Chemical Co.*, 322 F.3d 942, 946 (7th Cir. 2003). The reviewing court is free to weigh the evidence to determine whether jurisdiction has been established. *See id.*

## FACTUAL AND PROCEDURAL BACKGROUND

The story that Plaintiff presents, at this stage of the proceedings, is fairly straightforward. Plaintiff alleges that Defendant has violated the terms of the collective bargaining agreement ("Plaintiff's CBA") that both were party to from April 23, 2001 through April 25, 2004. Plaintiff's CBA (a copy of which was attached to the complaint) covers union members who worked in "all commercial office buildings north of Roosevelt Road, east of Halsted Street, south of Division Street" and other buildings outside that area that were specially designated. Plaintiff's CBA has wage and benefit provisions, as well as provisions covering detailed grievance procedures.

Plaintiff filed two grievances related to Defendant's alleged failure to pay the proper wages and allot the proper benefits to union employees working at the buildings at 85 W.Congress and 10 S. Canal (the "AT & T buildings"). The grievances were presented to the Joint Arbitration Board (the "JAB"), in accordance with the procedures laid out in Plaintiff's CBA, on January 14, 2004. The JAB issued an unanimous decision ordering Defendant to apply Plaintiff's CBA to the union employees at the AT& T buildings. Defendant failed and continues to fail to do so. As a result, Plaintiff has filed a suit for breach of contract in this Court, alleging that by failing to abide by the JAB decision and not granting wages and benefits in line with the agreement, Defendant has breached the terms of the agreement. Plaintiff's complaint states that Defendant violated Article XVIII of Plaintiff's CBA.

Defendant, on the other hand, relies on an entirely different version of events and a different collective bargaining agreement. Defendant claims that an agreement referred to as the "Suburban Agreement" applied to the AT & T buildings starting in August, 1999. Defendant alleges that the parties did end the Suburban Agreement, but offers two potential dates for the ending of the agreement: July, 29, 2003, when the Union sent a letter cancelling the Suburban Agreement and January 2004, the last time that the parties "operated as though" the Suburban Agreement was in effect.

In support of its version of events, Defendant offers the affidavit of Joseph Krol, Defendant's manager for the Chicago area, and a set of exhibits attached to his affidavit. One of the exhibits is the Suburban Agreement. The area covered by the Suburban Agreement, according to a subsequent appendix which makes no reference to the "Suburban Agreement" or the AT & T buildings, is "[t]hat area of Chicago bounded by Roosevelt Road on the South, Lake Michigan on the East, Halsted Street on the West, and Division Street on the North."

Krol contends that the correct agreement governing the AT & T employees from August 1999 and January 2004 was the Suburban Agreement. Krol alleges in his affidavit that the jurisdiction under the agreement, which was effective August 1, 1999, was determined by the aforementioned appendix. That appendix was not added to the agreement until almost a month later. Krol also claims that parties agreed to operate under the Suburban Agreement until at least January 2004. Attached to Krol's affidavit is a letter from Plaintiff stating that Plaintiff was terminating the Suburban Agreement effective July 29, 2003.

## ANALYSIS

Plaintiff claims that this Court has jurisdiction pursuant to §301 of the Labor Management Relations Act, 29 U.S.C. §185, and 28 U.S.C. §1337. Section 301 of the LMRA states: "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce...may be brought in any district court of the United States having jurisdiction of the parties." 29 U.S.C. §185(a). The Supreme Court has interpreted this language to mean that suits for violations of contract are permissible in federal court. *See Textron Lycoming Reciprocating Engine Div., Avco Corp. v UAW*, 523 U.S. 653, 657 (1998); *see also, J.W. Peters, Inc. v Bridge, Structural and Reinforcing Iron Workers, Local Union 1, AFL-CIO*, 398 F.3d 967, 973 (7th Cir. 2005).

A review of the *Textron* case is helpful in determining whether, as a threshold matter, Plaintiff presents a valid claim under the LMRA. In *Textron*, the Union alleged that the employer had fraudulently induced it to sign a collective bargaining agreement, and sought damages and a declaratory judgment that the agreement was voidable at the union's option. The Union did not allege that either it or the defendant ever violated the terms of the agreement.

The Union and the government (in its amicus brief) argued that §301(a) granted federal courts jurisdiction not only over suits alleging a breach of contract, but also suits alleging that a contract was invalid. The Supreme Court was not persuaded by the argument and held that "'Suits for violation of contracts' under §301(a) are not suits that claim a contract is invalid, but suits that claim a contract has been violated." *Textron,* 523 U.S. at 657.

Plaintiff in this case adequately alleges subject matter jurisdiction, based on the facts stated in the complaint and the attached collective bargaining agreement. Plaintiff's telling of the

facts is, on its face, reasonable. Plaintiff explains which specific provisions of the agreement is offers have been violated. It is possible to read Plaintiff's CBA as covering the AT &T buildings. If the buildings are indeed covered, then Defendant's failure to adhere to the terms of the agreement with respect to union employees who work in those buildings can be framed as a breach of contract.

Defendant is permitted to introduce additional evidence showing that there is no subject matter jurisdiction for this Court to review what appears to be a facially sufficient complaint. *See United Phosphorus, Ltd.*, 322 F.3d at 946.[1] Defendant's submissions, however, do not convincingly refute the proposition that Plaintiff brings a valid claim under §301(a). Defendant does not, for example, argue that Plaintiff alleges no violations of the CBA attached to its complaint. *Compare with Textron, 523 U.S. 653.* Nor does Defendant allege that Plaintiff's suit is an ill-hidden attempt to garner federal court review on the question of the validity of the contract. *Compare with Chicago & N.E. Ill. Dist. Council Carpenters v. GDNCI/CAWCC*, 2002 WL 237972, *4-5 (N.D.Ill. Feb. 19, 2002)(Refusing to find subject matter jurisdiction when "[p]laintiff attempts to add a claim of contract violation to the actual single issue of contract validity by redefining its complaint to request the court "find that the Defendant is violating that valid contract in not recognizing it."). Nor does Defendant claim that it is a non-signatory to the

---

[1]Consequently, Plaintiff's request that Defendant's affidavit be stricken is DENIED. Plaintiff request that its response motion be treated as a summary judgment motion and that Defendant be required to comply with Federal Rule of Civil Procedure 56.1 simply because Defendant submitted Krol's affidavit is also DENIED. At this stage in the proceedings, it is not necessary for this Court to address the arguments regarding a possible waiver of defenses by Defendant. Plaintiff may file an appropriate motion for summary judgment before the dispositive motion deadline if it so desires.

agreement. *Compare with Teamsters Nat'l Auto. Transporters Indus. Negotiating Comm. v. Troha*, 328 F.3d 325 (7th Cir. 2003).

Instead, Defendant argues that this Court should refuse to enforce the JAB decision because it does not draw its essence from the correct collective bargaining agreement. According to one theory proposed by Defendant, the Suburban CBA had expired by the time of the JAB ruling, leaving the AT &T buildings not covered by either Plaintiff's CBA or the Suburban CBA. The JAB, Defendant argues, was without authority to "convert" the AT & T buildings from the Suburban CBA to Plaintiff's CBA (referred to by Defendant as the "Downtown CBA). While that may be the case, Defendant has failed to convince this Court that its version of events is credible enough to raise doubts related to subject matter jurisdiction on the basis of Plaintiff's complaint.

Defendant's submissions do not persuade this Court that Plaintiff has failed to adequately alleged subject matter jurisdiction for a breach of contract claim. The Suburban Agreement does not reference the AT & T buildings, nor does the appendix that was added to it almost a month after it reportedly went into effect. In addition, the area covered by the Suburban Agreement is clearly concomitant with at least a portion of the area covered by the agreement that Plaintiff presents; moreover, both cover the site of the AT & T buildings.

The affidavit of Krol does little to clear things up: not only does it contain inconsistent statements, but also it speaks to some events that occurred during a time when he was not a Chicago area manager and did not oversee the Chicago operations. Moreover, as the Seventh Circuit noted in *Saperstein*, "[a]n employee of the defendants is not a disinterested witness. She

is subject to their influence, in a sense in their power; and it is not easy to make a credibility determination from the face of an affidavit. " *Saperstein*, 188 F.3d at 856.

Contractual claims under the §301 presumably require that the contract at issue be valid. If defendants are able to successfully gain dismissal on a claim of invalidity by offering evidence of the type the Defendant offers in this case, plaintiffs in situations such as the one in this case will have to bear the burden of arguing the merits of their case at the motion to dismiss stage, before they have had a chance to complete discovery.

Based on the evidence that Defendant has submitted, this Court cannot grant its motion to dismiss at this time. Defendant is not, however, without redress: for example, Defendant may raise the question of contract validity (as to Plaintiff's version of the CBA) as an affirmative defense. See *Textron*, 523 U.S. at 657-658 (citations omitted) ("[§301(a)] simply erects a gateway through which parties may pass into federal court; once they have entered it, it does not restrict the legal landscape they may traverse. Thus if, in the course of deciding whether a plaintiff is entitled to relief for the defendant's alleged violation of a contract, *the defendant interposes the affirmative defense that the contract was invalid, the court may, consistent with §301(a), adjudicate that defense.*") (emphasis added).

Defendant's somewhat confusing argument about the NLRB is also not persuasive. First, Defendant contends that Plaintiff's claim is representational and not contractual. But Defendant has not offered significant factual support for the proposition that Plaintiff's case is representational rather than contractual.[2] Moreover, the case that Defendant cites in support of

---

[2] Defendant insinuates that Plaintiff improperly converted the AT&T buildings from the Suburban Agreement to Plaintiff's CBA but fails to provide adequate factual or legal

its argument– *Smith Steel Workers v. A.O. Smith*– deals with a factually distinct situation where two unions claimed to both represent the same employees. *See Smith Steel Workers v. A.O. Smith,* 420 F.2d 1,11 (7th Cir. 1969). Defendant fails to explain to this Court why the case it cites is more persuasive than existing case law dealing with breach of contract in the collective bargaining context. Defendant also argues that jurisdiction is precluded in this case because the NLRB should have decided the representation issue, and Plaintiff refused to let it do so. But Defendant has not at this time given this Court sufficient reason to determine that Plaintiff's claim is not contractual and therefore not appropriate for judicial review.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is DENIED.

                Enter:

                <u>David H. Coar   </u>
                David H. Coar
                United States District Judge

Dated: **March 28, 2005**

---

support.