IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 1, <br><br> Plaintiff, <br><br> v. <br><br> THE WACKENHUT CORPORATION, <br><br> Defendant. | Case No. 04 C 2885 <br><br> Judge Virginia M. Kendall |

## MEMORANDUM OPINION AND ORDER

Service Employees International Union, Local 1, brought this action under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, to enforce a Joint Arbitration Board ("JAB") decision affecting the wages and representational unit of The Wackenhut Corporation employees assigned to perform security services at two Chicago locations: 10 South Canal and 85 West Congress (collectively, the AT&T buildings). The JAB decision ordered Wackenhut to apply the terms of the Downtown Collective Bargaining Agreement to the employees at the AT&T buildings. Because Wackenhut did not file timely suit to vacate the JAB's award, its defenses to the enforceability of the award are barred and the award is final.

**Factual and Procedural Background**

Wackenhut and Local 1 have been parties to several collective bargaining agreements including the "Downtown Collective Bargaining Agreement" and the "Suburban Collective Bargaining Agreement." Defendant's Rule 56.1 Response to Plaintiff's Statement of Undisputed Facts ("Def.'s Resp.") ¶¶ 1, 4. Each of these agreements provided that grievances not settled

between the parties shall be submitted to a Joint Arbitration Board. Def.'s Resp. ¶ 5. The composition of the JAB and the definition of the issues grievable differed slightly under each agreement. Def.'s Resp. ¶ 5.[1]

In August 1999, the parties entered into the Suburban CBA; the agreement covered "[t]hat area of Chicago bounded by Roosevelt Road on the South, Lake Michigan on the East, Halsted Street on the West, and Division Street on the North." Defendant's Rule 56.1 Statement of Undisputed Facts ("Def.'s Stmt."), Ex. 1A. The initial term of the Suburban Agreement lasted from August 1, 1999 to December 31, 2001. Plaintiff's Rule 56.1 Response to Defendant's Statement of Undisputed Facts ("Pl.'s Resp.") ¶ 7. Upon expiration, the parties agreed to extend the Suburban CBA subject to each party's right to terminate the agreement upon 72 hours notice. Pl.'s Resp. ¶ 9. The parties disagree on whether the arbitration provisions of that agreement were extended as well. Pl.'s Resp. ¶ 11. On July 29, 2003, Local 1 terminated the Suburban CBA. Pl.'s Resp. ¶ 13. Following the termination of the Suburban CBA, Wackenhut continued to pay its employees at the AT&T buildings in accordance with the terms of that agreement. Pl.'s Resp. ¶ 15.

In February 2002, the parties signed the Downtown CBA. Pl.'s Stmt., Ex. A. The Downtown CBA contains the following Recognition Clause: "The jurisdictional area covered by this agreement is defined as all commercial office buildings north of Roosevelt Road, east of Halsted Street, and south of Division Street, including those commercial office buildings outside the above

---

[1] These differences are not material to the Court's decision. The JAB under the Suburban Agreement consists of three employer representatives and three union representatives; the JAB under the Downtown Agreement consists of two employer representatives and two union representatives. Plaintiff's Rule 56.1 Statement of Undisputed Facts ("Pl.'s Stmt."), Ex. A at 19; Ex. C at 18. The Downtown Agreement grievance procedure handles "any difference or dispute, which may arise under this Agreement," while the Suburban Agreement defines a grievance "as a dispute between the Employer and an employee regarding the application of the Employer's rules and regulations or the meaning or application of any provision of this Agreement." Pl.'s Stmt., Ex. A at 18; Ex. C at 17.

2

area specifically described in Schedule A and B." Def.'s Resp. ¶ 2. Although not listed in either Schedule A or B, the AT&T buildings are located within the bounded region described in the Recognition Clause. Pl.'s Stmt., Ex. A at 24-27, 32-34. The Downtown CBA effective dates were April 23, 2001 through April 25, 2004. Pl.'s Stmt., Ex. A at 2.

On November 5, 2003, Local 1 filed two grievances pursuant to the Downtown CBA protesting Wackenhut's failure to pay area standard wages and benefits at the AT&T buildings. Def.'s Resp. ¶ 7. Local 1's grievances arose from a dispute as to whether the security service employees in the AT&T buildings were covered by the Suburban CBA, as Wackenhut contended, or the Downtown CBA, as Local 1 contended. Pl.'s Resp. ¶¶ 8, 18, 19. The grievances were processed through the parties' grievance procedure and, when no resolution was reached during these earlier stages of the process, Local 1 presented the grievances to the JAB on January 14, 2004. Def.'s Resp. ¶ 8. On that day, the JAB issued the following decision:

> On January 14, 2004 an Arbitration Hearing was held with regards to [10 South Canal and 85 West Congress]. It is the Arbitration Boards unanimous decision that Wackenhut shall convert these sites to the appropriate contract, which is the Wackenhut Downtown Agreement. This conversion shall take effect February 1, 2004. All employees building seniority dates will carry into the downtown contract benefit level.
>
> This is a final and binding arbitration decision per our Collective Bargaining Agreement.

Pl.'s Stmt., Ex. F. Since the decision issued, Wackenhut has neither complied with the JAB's decision, Def.'s Resp. ¶ 11, nor filed suit to vacate it. Def.'s Resp. ¶12.

3

**DISCUSSION**

Local 1 brought this action under Section 301 of the Labor Management Relations Act to enforce the JAB's award against Wackenhut. The parties' cross-motions for summary judgment are now before the Court. Because no material issue of fact exists that Wackenhut failed to file a timely suit to vacate the JAB's award, and because the statute of limitations bar does not except challenges based on the arbitrability of a dispute – that is, the jurisdiction or authority of the arbitrator over the parties or their grievance – Local 1 is entitled to judgment as a matter of law.

**Parties' Cross-Motions for Summary Judgment**

Wackenhut moves for dismissal of Local 1's enforcement action on several grounds, each based on Wackenhut's assertion that the security service employees at the AT&T buildings were subject to the Suburban CBA and not the Downtown CBA. First and foremost, Wackenhut argues that the JAB did not have the authority or the jurisdiction to arbitrate the grievances because they did not arise under the Downtown CBA. Wackenhut also presents this argument as a question regarding the "arbitrability" of the grievances. Second, the JAB's decision wrongly "converted" the AT&T building employees from the Suburban CBA to the Downtown CBA. Finally, the Court lacks jurisdiction over this controversy because the Suburban CBA, which allegedly covered the employees at the AT&T buildings, expired and this Court has no jurisdiction when a bargaining agreement has terminated.

In its cross-motion for summary judgment, Local 1 argues that the JAB's award is final and Wackenhut is barred from challenging its validity because Wackenhut did not move to vacate the award within the applicable statute of limitations. Alternatively, Local 1 maintains that the JAB had authority to render its decision and the JAB's award must be upheld because it "dr[e]w its essence

from the collective bargaining agreement." *Arch of Illinois, A Division of Apogee Coal Corp. v. District 12, United Mine Workers of America*, 85 F.3d 1289, 1292 (7th Cir. 1996) (recognizing a court's limited power to review arbitration awards), quoting *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 596, 80 S. Ct. 1358 (1960).

Summary judgment is appropriate if the record demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548 (1986). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505 (1986). In making this determination, the Court views all of the evidence in a light most favorable to the non-moving party and draws all reasonable inferences in its favor. *See Anderson,* 477 U.S. at 255.

**Statute of Limitations Law and Analysis**

This Court's first step must be to determine whether the statute of limitations bars any defense by Wackenhut to enforcement of the JAB award. As a general rule, "[w]here the relief sought is to nullify the arbitration award, the only avenue for relief is a timely suit to vacate." *Sullivan v. Gilchrist*, 87 F.3d 867, 871 (7th Cir. 1996). Wackenhut's defense to this enforcement suit effectively seeks to nullify the arbitration award. *See Chauffeurs, Teamsters, Warehousemen and Helpers, Local Union No. 135 v. Jefferson Trucking Co.*, 628 F.2d 1023, 1027 (7th Cir. 1980) (recognizing defenses raised in response to an enforcement action constitute a request for affirmative relief). Consequently, if Wackenhut failed to challenge the arbitration award within the applicable limitations period, the award is final and enforceable. *See Jefferson Trucking Co.*, 628 F.2d at 1025.

5

Section 301 of the LMRA does not contain its own statute of limitations period for challenging an arbitration award, so the period must be borrowed from a comparable action under state law. *See id.* at 1026, quoting *UAW v. Hoosier Cardinal Corp.*, 383 U.S. 696, 704-705, 76 S.Ct. 1107 (1966) ("The timeliness of a Section 301 suit is to be determined, as a matter of federal law, 'by reference to the appropriate state statute of limitations.'"). For arbitration disputes arising in Illinois, federal law borrows the ninety-day period in the Illinois version of the Uniform Arbitration Act. *See Plumbers Pension Fund, Local 130 v. Domas Mechanical Contractors, Inc.*, 778 F.2d 1266, 1268 (7th Cir. 1985).

The JAB issued its decision on January 14, 2004. Local 1 then filed this action to enforce the JAB's award on April 22, 2004. Wackenhut concedes that it took no action to vacate the JAB's award within the ninety-day statute of limitations. Wackenhut argues instead that the statute of limitations period does not apply to its challenge based on the arbitrability of the grievance. In support of its proposed exception, Wackenhut quotes *Sullivan v. Lemoncello*, 36 F.3d 676, 680 (7th Cir. 1994), that a "true challenge to the . . . basic jurisdiction of the JAB (like the situation here) would have prevented assertion of the limitations defense." No such quote, however, exists within the *Lemoncello* case nor has the Court found such an assertion in any other case, which makes sense because it is not a correct statement of the law.[2]

Distilling the case law, the critical statute of limitations question is whether the grounds for challenging the arbitrator's decision could have been asserted in a motion to vacate the award. *See Jefferson Trucking Co.*, 628 F.2d at 1025, 1027; *Union of Operating Engineers, Local 150, AFLCIO*

---

[2] This inaccurate citation is particularly troubling because it forms the principal basis for Wackenhut's position seeking relief.

*v. Centor Contractors*, Inc., 831 F.2d 1309, 1311 (7th Cir. 1987) ("[C]hallenges in the nature of grounds to vacate the award may not be asserted as defenses to a subsequent enforcement action"). Wackenhut's several arguments in defense of the award's enforcement all depend on its contention that the Suburban CBA, not the Downtown CBA, covered the AT&T building employees. Seeming to recognize that the statute of limitations bars any challenge directed at the substance of the JAB's decision, Wackenhut postures its argument that the Downtown CBA did not cover the AT&T building employees as a question of arbitrability. In *Domas*, the union sued to enforce an arbitration award ordering the employer to make contributions for work performed by "shop help" employees. *Domas*, 778 F.2d at 1266. The employer argued in defense that the "shop help" employees were not covered by the arbitration agreement and, therefore, the JAB lacked authority to decide their grievances. *Id.* at 1267. Rather than address the merits of the employer's argument, the Court held that the statute of limitations barred the employer's "jurisdictional" defense which, in reality, simply contested whether the collective bargaining agreement covered the "shop help" employees, a challenge that could have been made in an action to vacate the award. *Id.* at 1268.

Wackenhut's framing of its defense as one challenging the arbitrability of the grievances is thus irrelevant. *See id.* A challenge to the jurisdiction of arbitrator or the arbitrability of the grievances, like more direct attacks on the merits of an award, are grounds that could be raised in a suit to vacate the arbitrator's award. Since Wackenhut's challenges were not so raised within the ninety-day statute of limitations, it is precluded from raising them as defenses in this action. *See Sullivan v. Gilchrist*, 87 F.3d 867, 871 (7th Cir. 1996) (holding that "jurisdictional" questions regarding the existence or scope of a collective bargaining agreement must be timely raised); *Teamsters Local No. 579 v. B & M Transit, Inc.*, 882 F.2d 274, 278 (7th Cir. 1989) (holding that

company's defense that the arbitrator lacked jurisdiction to examine the dispute was barred by the three-month statute of limitations). Finally, reasserting its same argument – that the Suburban CBA should have governed the filed grievances – in terms of the Court's jurisdiction similarly fails. *See Lemoncello*, 36 F.3d at 681 ("[A] challenge to the authority of the JAB to impose fines and penalties . . . is not a true challenge to the court's basic jurisdiction").

### Conclusion and Order

The failure to challenge an arbitration award within the statute of limitations renders the award final. No exception to this rule exists for challenges based on the arbitrability of the dispute – that is, a challenge to the authority or jurisdiction of the arbitrator over the parties or the grievance. Because no genuine issue of material fact exists that Wackenhut failed to file a timely suit to vacate the JAB's award, Local 1 is entitled to judgment as a matter of law. Wherefore, Wackenhut hereby is ordered to comply with and abide by the terms of the JAB's decision.

So ordered.

_____
Virginia M. Kendall
United States District Judge
Northern District of Illinois

Date: March 13, 2006